## Wilson v. Locomobile Co., Appellant.

*Contract—Guaranty—Oral evidence—Case for jury.*

Where a written contract for the sale of an automobile fixed the price, stated a number of details as to equipment, and concluded

as follows, "this car is to be put in guaranteed condition," oral evidence is admissible to explain what "guaranteed condition" meant, and especially evidence as to representations made by the seller's agent, at the time of the sale tending to show what the words meant.

*Practice, C. P.—Trial—Points.*

Points for charge which are based on assertions that the undisputed evidence established certain facts are properly refused, where an examination of the evidence shows that such facts are not so established.

Argued April 23, 1917.    Appeal, No. 14, April T., 1917, by defendant, from judgment of C. P. Allegheny Co., April T., 1915, No. 2083, on verdict for plaintiff in case of A. H. Wilson v. Locomobile Company of America. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Appeal from judgment of county court.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $942.28.    Defendant appealed.

*Errors assigned* were various instructions sufficiently set forth in the opinion of the Superior Court.

*Edward T. Noble,* of *Evans, Noble & Evans,* for appellant.

*B. J. Jarrett,* with him *Hugh S. Craig,* for appellee.

OPINION BY HEAD, J., October 8, 1917:

The contention between the parties that gives rise to this litigation originated in a written order signed by the plaintiff for the purchase of a secondhand car. The written order fixed the price, a number of details as to repairs and equipment and terminated with this statement: "This car is to be put in guaranteed condition." We do not know from what well of legal learning the trial judge could have drawn anything to support the

conclusion he could determine, as matter of law, whether or not the car tendered to the plaintiff was in fact the car described in the order.    The use of an expression of that kind in a written contract certainly invites, if it does not necessitate the aid of oral testimony to determine its meaning.    We are satisfied therefore the learned court below could not have, with propriety, given a binding direction for the defendant, and for the same reason no judgment non obstante veredicto could have been entered in its favor.    The first and sixth assignments of error must therefore be overruled.

The second, third, fourth and fifth assignments complain of the refusal of the trial court to affirm points, all of which depended on assertions that the undisputed evidence established certain facts.    We cannot so read the testimony.    For instance, in the third assignment, the point refused stated that "It is the undisputed evidence in this case that the sale agreement of July 14th was superseded by the lease agreement dated 18th August, 1914, etc."    The conclusion we reach is just the opposite from the one stated in the point.    The plaintiff had paid $900 on account of the purchase-price of the car and still owed $600.    The affidavit of defense itself indicates, with reasonable clearness, the lease was executed merely as a collateral security for the note which the plaintiff offered to give instead of paying the cash provided for in his original order.    If that be true, the agreement of lease certainly did not supersede the original contract and did not destroy the rights, if any, of the plaintiff thereunder.

The same difficulty pervades the points which are the foundations of the other assignments specified and they must therefore be overruled.    The representative of the defendant had in his possession and control a car which he undertook to sell.    He entered into a written contract with the plaintiff already referred to which, in the general language we have quoted, described the condition of the car that was to be delivered.    We can per-

ceive no error in the admission of parol evidence as to the representations made by him at the time which tended to explain what was meant by the use of the not self-explanatory words contained in the agreement.

An examination of the entire record leads to the conclusion the case was tried on proper principles and that the record exhibits no reversible error.

Judgment affirmed.